# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JORGE FIGUEROA | CRIMINAL ACTION<br>NO. 91-518-1 |

## ORDER

**AND NOW**, this 18th day of July 2022, upon consideration of Jorge's Figueroa's *pro se* Motion for Compassionate Release (ECF 98), his supplement to that motion (ECF 104), the Government's Response (ECF 100) and Exhibits (ECF 101) and Figueroa's reply (ECF 106), it is **ORDERED** that the Motion is **DENIED**.[1]

---

[1] This is Figueroa's second motion for compassionate release. (*See* ECF 84.) As the Court has recounted in prior opinions, he is serving a life sentence imposed in this district for his efforts to import and distribute cocaine for an international drug trafficking cartel. (*See* ECF 76; ECF 90.) In addition, he has served just over half of a concurrent 262-month sentence imposed in the Eastern District of New York for his participation from federal prison in another conspiracy to traffic a large quantity of cocaine. (*Id.*) Figueroa has recognized the cocaine trade's "calamitous consequences" and has admitted his responsibility for importing or attempting to import large quantities of the drug into the United States. (ECF 76 at 6-7.)

Figueroa asks for sentence reduction because of the risks of COVID-19, his underlying medical conditions, the length of his sentence, his age now and at the time of his crimes and his "significant rehabilitation" during his incarceration. (ECF 98 at 3.) He is 62 years old, has served over 30 years in prison, with good behavior in recent years and has a variety of health conditions. (ECF 100.) Since his last motion, Figueroa has been diagnosed with a malignant neoplasm of the stomach, specifically B-cell lymphoma. (*See* ECF 100 at 1-2; ECF 104 at 8.)

A district court may reduce an inmate's sentence as a form of compassionate release only if it finds that (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the sentencing factors set forth in § 3553(a), to the extent they are applicable, warrant a reduction; and (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Relevant § 3553(a) factors a court must consider include the "nature and circumstances of the offense," "the history and characteristics of the defendant," and the "need for the sentence imposed – to reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense" and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (C). The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release. U.S.S.G. § 1B1.13.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

Figueroa has not established extraordinary and compelling reasons that warrant relief. His diagnosis is not terminal, he is being treated with Rituxan, a form of immunotherapy, and recent medical notes suggest he is doing well. (*See* ECF 100; ECF 101.) Unfortunately, COVID-19 presents a risk to him whether he is in custody or not. He is receiving comprehensive medical care for his non-terminal diagnosis in BOP custody and has not shown he is unable to provide self-care while incarcerated. While the Court is sympathetic to Figueroa's medical status, it does not tip the balance in favor of compassionate release. Moreover, to be released, Figueroa would also need to obtain compassionate release from his concurrent sentence in his other case. His first motion for compassionate release in the Eastern District of New York was denied and, to date, Figueroa has not renewed his request for relief there. (*See,* E.D.N.Y., Crim. A. No. 04-515-8.)

Even if Figueroa did present extraordinary and compelling reasons for release, it would be unwarranted based on the § 3553(a) factors. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020). The life sentence he received for participating in an inherently dangerous large-scale drug trafficking conspiracy was not enough to stop him from re-engaging in the cocaine trade from prison. Despite Figueroa's advancing age, medical status, rehabilitation efforts and representation that he is "no longer the same immature and irresponsible person" who the Court "incarcerated almost 31 years ago" (ECF 106 at 10), releasing him now would not reflect the seriousness of his crimes, promote respect for the law or provide just punishment and adequate deterrence.

Finally, although Figueroa requests appointed counsel (ECF 98 at 11), a defendant seeking compassionate release does not have a constitutional right to an attorney. *United States v. Dorsey*, 520 F. Supp. 3d 681, 684 (E.D. Pa. 2021). The Court must assess whether his motion "has some arguable merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). It does not. Even if it did, it would not be necessary to appoint counsel considering Figueroa's demonstrated ability to present his own case; the complexity of the legal issues; the degree to which he was able to pursue necessary factual investigation; the limited role of credibility determinations in deciding his motion; and because there is no need for expert witness testimony. *See Tabron*, 6 F.3d at 155-57.